IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IMPLICIT, LLC<br><br>     Plaintiff,<br><br>vs.<br><br>HULU, LLC,<br><br>     Defendant. | C.A. No. 6:23-cv-513<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO IMPLICIT'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Hulu, LLC ("Hulu") hereby files its answer and affirmative defenses ("Answer") to the Complaint filed July 20, 2023 ("Complaint") by Plaintiff Implicit, LLC ("Implicit" or "Plaintiff"). Each of the paragraphs below corresponds to the same numbered paragraph in the Complaint. Hulu denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Hulu further denies that Implicit is entitled to the relief requested in the Complaint, or to any other relief:

## NATURE OF THE ACTION

1. Hulu admits that this action purports to arise under 35 U.S.C. §§ 1 *et seq*.

## THE PARTIES

2. Hulu admits that Implicit holds itself out to be a limited liability company organized under the laws of the state of Washington with its principal place of business at 101 E Park Blvd, Suite 600, Plano, TX 75074.

3. Hulu admits that it is organized under the laws of the state of Delaware with a place of business at 2500 Broadway, 2nd Floor, Santa Monica, California 90404. Hulu admits that it

1

has an office at 4511 Horizon Hill, Boulevard, Suite 300, San Antonio, TX 78229.  Except as expressly admitted, Hulu denies all remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4. Hulu admits that this action purports to arise under the Patent Laws of the United States, Title 35 of the United States Code.  To the extent a response to other portions of paragraph 4 is necessary, Hulu denies them.

5. Hulu admits that this Court has subject matter jurisdiction under 35 U.S.C. §§ 1331 and 1338(a).  To the extent a response to other portions of paragraph 5 is necessary, Hulu denies them.

6. Hulu admits that, for the purposes of this action only, venue is statutorily permissible in this district pursuant to 28 U.S.C. § 1400(b).

7. Hulu does not contest personal jurisdiction in this judicial district solely for the purpose of this action.  Hulu admits that it has business in Texas.  Hulu expressly denies that it has committed any acts of infringement in this judicial district.  Hulu denies that venue in this district is proper because Hulu has a regular and establish place of business in this district to the extent that the venue allegation in this paragraph is based on 28 U.S.C. § 1404(a).  Hulu denies that it has business operations for offering subscription streaming services including Hulu on demand service and Hulu + Live TV service, and its product portfolio, pricing information, implementation and adoption planning, in this judicial district.  Hulu admits that it has an office at 4511 Horizon Hill, Boulevard, Suite 300, San Antonio, TX 78229.  Except as expressly admitted, Hulu denies all remaining allegations in paragraph 7.

## BACKGROUND

### The [Alleged] Invention

8. Hulu admits that what appear to be copies of U.S. Patent Nos. 7,774,740 ("the '740 Patent"), 8,056,075 ("the '075 Patent"), and 6,976,248 ("the '248 Patent") (collectively, the "Asserted Patents") are attached as Exhibits A, B, and C to the Complaint, respectively. Hulu admits that the face of each the '740 Patent, '075 Patent, and the '248 Patent list Edward Balassanian as the inventor. Except as expressly admitted, Hulu denies all remaining allegations in paragraph 8.

9. Hulu is without information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10. Hulu admits that paragraph 10 of the Complaint appears to list limitations of claim 11 of the '740 Patent. For the remaining allegations in paragraph 10, Hulu is without information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

11. Hulu admits that paragraph 11 of the Complaint appears to list limitations of claim 1 of the '075 Patent. For the remaining allegations in paragraph 11, Hulu is without information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

12. Hulu admits that paragraph 12 of the Complaint appears to list limitations of claim 1 of the '248 Patent. For the remaining allegations in paragraph 12, Hulu is without information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

### [Alleged] Advantage Over the Prior Art

13. Hulu admits that the '740 Patent at Abstract states: "The present invention is an applet server which accepts requests for applets from client computers." Hulu admits that the '740 Patent at 2:6-10 states: "There is a need for a scalable distributed system architecture that provides

a mechanism for client computers to request and execute applets in a safe manner without requiring the client machines to have local resources to compile or verify the code." Except as expressly admitted, Hulu denies all remaining allegations in paragraph 13.

14. Hulu admits that the '740 Patent at 2:20-24 states: "Compilation and byte-code verification in the present invention are server based and thereby provide more efficient use of resources and a flexible mechanism for instituting enterprise-wide security policies." Except as expressly admitted, Hulu denies all remaining allegations in paragraph 14.

15. Hulu admits that the '740 Patent at 2:24-27 states: "The server architecture also provides a cache for applets, allowing clients to receive applet code without having to access nodes outside the local network." Except as expressly admitted, Hulu denies all remaining allegations in paragraph 15.

16. Hulu admits that the '740 Patent at 2:38-41 states: "The intermediate form allows a single version of the source to be stored for many target platforms instead of having a different binary for each potential target computer." Except as expressly admitted, Hulu denies all remaining allegations in paragraph 16.

17. Hulu admits that https://flixpatrol.com/streaming-services/subscribers/ (last visited December 6, 2023) purports to rank Hulu as eighth among streaming services by subscribers in the world. Except as expressly admitted, Hulu denies all remaining allegations in paragraph 17, and expressly denies that significant advantages can be achieved through the use of the claimed invention of the Asserted Patents, and denies that the patents present significant commercial value for Hulu.

**[Alleged] Technological Innovation**

18.     Hulu admits that the '740 Patent at 1:52-59 states: "The traditional implementations of architecture neutral languages are not without problems. While providing tremendous cross platform Support, the current implementations of architecture neutral languages require that every client performs its own verification and interpretation of the intermediate code. The high computation and memory requirements of a verifier, compiler and interpreter restrict the applicability of these technologies to powerful client computers."  Except as expressly admitted, Hulu denies all remaining allegations in paragraph 18.

19.     Hulu denies the allegations in Paragraph 19 of the Complaint.

20.     Hulu denies the allegations in Paragraph 20 of the Complaint.

21.     Hulu denies the allegations in Paragraph 21 of the Complaint.

22.     Hulu denies the allegations in Paragraph 22 of the Complaint.

23.     Hulu denies the allegations in Paragraph 23 of the Complaint.

**COUNT I – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,774,740**

24.     Hulu incorporates by reference its responses to Implicit's allegations in the preceding paragraphs as if specifically set forth herein.

25.     Hulu admits that Exhibit A to the Complaint appears to show that the '740 Patent issued on August 10, 2010, with the title "Application Server."  Hulu expressly denies that the '740 Patent is valid.  The remainder of Paragraph 25 states a legal conclusion and does not require a response.  Except as expressly admitted, Hulu denies all remaining allegations in paragraph 25.

26.     Hulu lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 26 and on that basis denies them.

27.     Hulu admits that https://medium.com/hulu-tech-blog/introducing-hulus-modern-web-stack-

d0be4cf4f439#:~:text=Hulu%20Web%20applications%20are%20now%20built%20using% (last visited December 4, 2023) states that "Hulu Web applications are now built using Node.js." Hulu denies that it has infringed or infringes any claims of the '740 Patent. Except as expressly admitted, Hulu denies all remaining allegations in paragraph 27.

28. Hulu admits that a claim chart purporting to compare the limitations of claim 11 of the '740 Patent to products is attached as Exhibit D to the Complaint. Except as expressly admitted, Hulu denies all remaining allegations in paragraph 28.

29. Hulu denies the allegations in Paragraph 29 of the Complaint.

## COUNT II – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,056,075

30. Hulu incorporates by reference its responses to Implicit's allegations in the preceding paragraphs as if specifically set forth herein.

31. Hulu admits that Exhibit B to the Complaint appears to show that the '075 Patent issued on November 8, 2011, with the title "Server Request Management." Hulu expressly denies that the '075 Patent is valid. The remainder of Paragraph 31 states a legal conclusion and does not require a response. Except as expressly admitted, Hulu denies all remaining allegations in paragraph 31.

32. Hulu lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 32 and on that basis denies them.

33. Hulu admits that https://medium.com/hulu-tech-blog/introducing-hulus-modern-web-stack-d0be4cf4f439#:~:text=Hulu%20Web%20applications%20are%20now%20built%20using% (last visited December 4, 2023) states that "Hulu Web applications are now built using Node.js." Except as expressly admitted, Hulu denies all remaining allegations in paragraph 33.

34. Hulu admits that a claim chart purporting to compare the limitations of claim 1 of the '075 Patent to products is attached as Exhibit E to the Complaint. Except as expressly admitted, Hulu denies all remaining allegations in paragraph 34.

35. Hulu denies the allegations in Paragraph 35 of the Complaint.

### COUNT III – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,976,248

36. Hulu incorporates by reference its responses to Implicit's allegations in the preceding paragraphs as if specifically set forth herein.

37. Hulu admits that Exhibit C to the Complaint appears to show that the '248 Patent issued on December 13, 2005, with the title "Application Server Facilitating with Client's Computer for Applets Along with Various Formats." Hulu expressly denies that the '248 Patent is valid. The remainder of Paragraph 37 states a legal conclusion and does not require a response. Except as expressly admitted, Hulu denies all remaining allegations in paragraph 37.

38. Hulu lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 38 and on that basis denies them.

39. Hulu admits that https://medium.com/hulu-tech-blog/introducing-hulus-modern-web-stack-d0be4cf4f439#:~:text=Hulu%20Web%20applications%20are%20now%20built%20using% (last visited December 4, 2023) states that "Hulu Web applications are now built using Node.js." Except as expressly admitted, Hulu denies all remaining allegations in paragraph 39.

40. Hulu admits that a claim chart purporting to compare the limitations of claim 1 of the '248 Patent to products is attached as Exhibit F to the Complaint. Except as expressly admitted, Hulu denies all remaining allegations in paragraph 40.

41. Hulu denies the allegations in Paragraph 41 of the Complaint.

## JURY DEMANDED

Hulu hereby demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

To the extent a response to the requested relief is required, Hulu denies that Implicit is entitled to any of the requested relief. Hulu expressly denies that it directly, literally or under the doctrine of equivalents, has infringed or is infringing any of the patents-in-suit; expressly denies that Implicit is entitled to any award of damages, including supplemental damages for any alleged post-verdict infringement; expressly denies that Implicit is entitled to pre-judgement and post-judgment interests; expressly denies that Implicit is entitled to costs of this action, including all disbursements, and attorneys' fees or as otherwise permitted by law; expressly denies that Implicit is entitled to any other costs or further relief in this action.

## DEFENSES

1. Without admitting or acknowledging that Hulu bears the burden of proof as to any of them and reserving the right to amend its answer as additional information becomes available, Hulu pleads the following defenses:

## FIRST DEFENSE

2. Hulu has not engaged in any acts that would constitute direct or indirect infringement of any valid claim of the patents-in-suit, either literally or under the doctrine of equivalents.

## SECOND DEFENSE

3. To the extent Implicit accuses activities performed by entities other than Hulu, those activities are not attributable to Hulu, as Hulu does not direct or control those activities and those activities are not part of a joint enterprise.

**THIRD DEFENSE**

4. The claims of each of the patents-in-suit are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including at least sections 101, 102, 103, 112, and 116.

**FOURTH DEFENSE**

5. Implicit is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

**FIFTH DEFENSE**

6. Implicit is barred or limited from recovery in whole or in part by the doctrines of equitable estoppel, waiver, acquiescence, patent misuse, and/or unclean hands.

**SIXTH DEFENSE**

7. Implicit's right to seek damages are limited by statute because it may not recover money damages for any alleged infringement committed more than six years prior to the filing of its Complaint under of 35 U.S.C. § 286.

**SEVENTH DEFENSE**

8. Implicit's claims for relief are barred or limited under the doctrines of exhaustion, first sale, implied license, full compensation, or restrictions against double recovery.

**EIGHTH DEFENSE**

9. To the extent that Implicit's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. §§ 271 *et seq.*, including but not limited to § 271(a) and (c).

**NINTH DEFENSE**

10. Implicit is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

**TENTH DEFENSE**

11. Implicit's claims are barred in whole or in part from recovering damages by a failure by the owner and/or licensee of the patents-in-suit to mark relevant products as required by 35 U.S.C. § 287.

**ELEVENTH DEFENSE**

12. Implicit's claims are barred in whole or in part due to one or more licenses to the Asserted Patents.

**RESERVATION OF ADDITIONAL DEFENSES**

13. Hulu reserves the right to assert additional defenses that may be developed through discovery in this action.

**HULU'S COUNTERCLAIMS**

1. Counterclaimant Hulu hereby counterclaims and alleges against Counterclaim Defendant Implicit, LLC ("Implicit") as follows:

**THE PARTIES**

2. Counterclaimant Hulu is a Delaware limited liability company, with its principal place of business at 2500 Broadway, Santa Monica, California 90404.

3. Upon information and belief, Counterclaim Defendant Implicit is a Washington limited liability company, with its principal place of business located at 101 E Park Blvd, Suite 600, Plano, TX 75074.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Hulu's counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, United States Code, for which jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a).

5. An actual, substantial, and continuing justiciable controversy exists between Hulu and Implicit based on Implicit having filed a Complaint against Hulu alleging infringement of the U.S. Patent Nos. 7,774,740 ("the '740 Patent"), 8,056,075 ("the '075 Patent"), and 6,976,248 ("the '248 Patent") (collectively, "Asserted Patents") with respect to which Hulu requires a declaration of its rights by this Court. Specifically, the controversy concerns the invalidity and non-infringement of the '740, '075, and/or '248 Patents and Implicit's right to maintain suit for alleged infringement of the '740, '075, and/or '248 Patents.

6. By filing its Complaint, Implicit has consented to the personal jurisdiction of this Court.

7. Although Hulu does not concede that venue is this district is convenient under 28 U.S.C. § 1404(a), venue is statutorily permissible in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

**FIRST COUNTERCLAIM - NONINFRINGEMENT OF THE '740 PATENT**

8. Hulu incorporates the foregoing admissions, denials, and allegations.

9. An actual controversy exists between Hulu and Implicit as to whether Hulu infringes directly or indirectly any valid and enforceable claim of the '740 patent, as Implicit contends, or does not do so, as Hulu contends.

10. Hulu has been damaged by Implicit's filing of a lawsuit against Hulu based on a patent that Hulu does not infringe.

11. By this Counterclaim, Hulu seeks a declaration that it has not infringed directly or indirectly and does not infringe directly or indirectly any valid and enforceable claim of the '740 patent either literally or under the doctrine of equivalents. A judicial declaration is necessary and appropriate at this time in order that Hulu may ascertain its right and duties with respect to the '740 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its accused instrumentalities.

12. This is an exceptional case entitling Hulu to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND COUNTERCLAIM - INVALIDITY OF THE '740 PATENT

13. Hulu incorporates the foregoing admissions, denials, and allegations.

14. An actual controversy exists between Hulu and Implicit as to whether the '740 patent is valid, as Implicit contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 111, and/or 112, as Hulu contends.

15. By this Counterclaim, Hulu seeks a declaration that the claims of the '740 patent are invalid. A judicial declaration is necessary and appropriate at this time in order that Hulu may ascertain its rights and duties with respect to the '740 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its accused instrumentalities.

16. This is an exceptional case entitling Hulu to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

## THIRD COUNTERCLAIM – NON-INFRINGEMENT OF THE '075 PATENT

17. Hulu incorporates the foregoing admissions, denials, and allegations.

18. An actual controversy exists between Hulu and Implicit as to whether Hulu infringes directly or indirectly any valid and enforceable claim of the '075 patent, as Implicit contends, or does not do so, as Hulu contends.

19. Hulu has been damaged by Implicit's filing of a lawsuit against Hulu based on a patent that Hulu does not infringe.

20. By this Counterclaim, Hulu seeks a declaration that it has not infringed directly or indirectly and does not infringe directly or indirectly any valid and enforceable claim of the '075 patent either literally or under the doctrine of equivalents. A judicial declaration is necessary and appropriate at this time in order that Hulu may ascertain its right and duties with respect to the '075 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its accused instrumentalities.

21. This is an exceptional case entitling Hulu to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**FOURTH COUNTERCLAIM - INVALIDITY OF THE '075 PATENT**

22. Hulu incorporates the foregoing admissions, denials, and allegations.

23. An actual controversy exists between Hulu and Implicit as to whether the '075 patent is valid, as Implicit contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 111, and/or 112, as Hulu contends.

24. By this Counterclaim, Hulu seeks a declaration that the claims of the '075 patent are invalid. A judicial declaration is necessary and appropriate at this time in order that Hulu may ascertain its rights and duties with respect to the '075 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its accused instrumentalities.

25. This is an exceptional case entitling Hulu to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### FIFTH COUNTERCLAIM – NON-INFRINGEMENT OF THE '248 PATENT

26. Hulu incorporates the foregoing admissions, denials, and allegations.

27. An actual controversy exists between Hulu and Implicit as to whether Hulu infringes directly or indirectly any valid and enforceable claim of the '248 patent, as Implicit contends, or does not do so, as Hulu contends.

28. Hulu has been damaged by Implicit's filing of a lawsuit against Hulu based on a patent that Hulu does not infringe.

29. By this Counterclaim, Hulu seeks a declaration that it has not infringed directly or indirectly and does not infringe directly or indirectly any valid and enforceable claim of the '248 patent either literally or under the doctrine of equivalents. A judicial declaration is necessary and appropriate at this time in order that Hulu may ascertain its right and duties with respect to the '248 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its accused instrumentalities.

30. This is an exceptional case entitling Hulu to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### SIXTH COUNTERCLAIM - INVALIDITY OF THE '248 PATENT

31. Hulu incorporates the foregoing admissions, denials, and allegations.

32. An actual controversy exists between Hulu and Implicit as to whether the '248 patent is valid, as Implicit contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 111, and/or 112, as Hulu contends.

33. By this Counterclaim, Hulu seeks a declaration that the claims of the '248 patent are invalid. A judicial declaration is necessary and appropriate at this time in order that Hulu may ascertain its rights and duties with respect to the '248 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its accused instrumentalities.

34. This is an exceptional case entitling Hulu to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## JURY DEMANDED

Hulu hereby demands trial by jury on all counterclaims and issues so triable.

## HULU'S PRAYER FOR RELIEF

Having answered Implicit's Complaint and having asserted affirmative defenses and counterclaims, Hulu respectfully seeks the following relief:

a. A judgment that Hulu has not infringed any of the Asserted Patents;

b. A judgment that the Asserted Patents are invalid and/or unenforceable against Hulu;

c. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Hulu its attorneys' fees and prejudgment interest, and an award to Hulu of all of its costs of this action; and

d. Such other relief as the Court shall deem just and proper.


Dated: December 22, 2023                    Respectfully submitted,

                                            */s/ John Kappos*
                                            _____

                                            John Kappos (Tex. Bar No. 24130097)
                                            jkappos@omm.com
                                            **O'MELVENY & MYERS LLP**
                                            2501 North Harwood Street, Suite 1700

15

Dallas, TX 75201-1663
Telephone: 972-360-1900
Facsimile: 972-360-1901

Brett J. Williamson (admitted *Pro Hac Vice*)
bwilliamson@omm.com
Cameron W. Westin (admitted *Pro Hac Vice*)
cwestin@omm.com
Bradley M. Berg (admitted *Pro Hac Vice*)
bmberg@omm.com
Thomas McClinton Harris (admitted *Pro Hac Vice*)
clintharris@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-823-6994

Amy K. Liang (admitted *Pro Hac Vice*)
aliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

***Attorneys for Defendant Hulu, LLC***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on December 22, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ *John Kappos*
John Kappos