IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IMPLICIT, LLC,<br><br>        *Plaintiff*,<br><br>v.<br><br>HULU, LLC,<br><br>        *Defendant*. | C.A. No. 6:23-cv-513-ADA-DTG<br><br>JURY TRIAL DEMANDED |

**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule CV-16, Plaintiff Implicit, LLC ("Plaintiff" or "Implicit") and Defendant Hulu, LLC ("Defendant" or "Hulu") (collectively, "the parties") have conferred and hereby submit this Joint Rule 26(f) Report and Discovery Plan.

    **1.**    **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

The parties agree that this is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. On July 20, 2023, Plaintiff Implicit filed its Complaint against Hulu for infringement of U.S. Patent Nos. 7,774,740, 8,056,075, and 6,976,248, (collectively, "the patents in suit"). (*See* Dkt. 1.) On December 22, 2023, Defendant Hulu timely filed its Answer to the Complaint denying the allegations of infringement and filed Counterclaims alleging noninfringement and invalidity of the patents in suit. (*See* Dkt. 23.) Counterclaim–Defendant Implicit filed its Answer on January 12, 2024, denying the allegations of noninfringement and invalidity of the patents in suit. (*See* Dkt. 24.)

2. **Are there any outstanding jurisdictional issues?**

The parties agree that statutory jurisdiction exists in this District solely for the purpose of this action. Hulu contends that the Central District of California is the clearly more convenient forum for this litigation under 28 U.S.C. § 1404(a), and Hulu plans to file a motion to request transfer under 28 U.S.C. § 1404(a).

3. **Are there any unserved parties?**

The parties agree that there are not any unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties are conferring on whether there are any agreements or stipulations that can be made about any facts in this case or any element in the causes of action but do not have any to identify at this time.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

The parties are conferring on whether there are any legal issues in this case that be narrowed by agreement or by motion but do not have any to identify at this time.

6. **Are there any issues about preservation of discoverable information?**

The parties have conferred on issues about the preservation of discoverable information and do not identify any issues.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata.**

The parties have conferred and agree that the Standing Order Governing Proceedings (OGP) 4.3—Patent Cases ("the OGP 4.3") governs issues about the disclosure or discovery of electronic stored information ("ESI").

8. **What are the subjects on which discovery may be needed?**

The parties anticipate that the subjects on which discovery may be needed include:

- The patents in suit and related patents;
- Ownership and licensing of the patents in suit;
- Defendant's alleged knowledge of the patents in suit;
- Alleged infringement of the patents in suit under 35 U.S.C. § 271;
- Alleged invalidity of the patents in suit;
- The accused instrumentalities;
- The development, production, sales, and marketing of the accused instrumentalities;
- The factual and legal bases for any affirmative defenses raised by Hulu or Implicit;
- The factual and legal bases for any counterclaims raised by Hulu;
- The amount of damages, if any, to which Plaintiff is entitled if liability is found.

9. **Have initial disclosures been made?**

The parties have not made initial disclosures and agree that they will be served 1 business day after the *Markman* hearing.

10. **What, if any, discovery has been completed?  What discovery remains to be done and when should it be completed? Have the parties considering conducting discovery in phases or agreeing to limit discovery?**

The parties have conferred on this issue and agree to the discovery limitations as set forth in OGP 4.3.  The parties have not served discovery requests and anticipate completion of discovery in accordance with the proposed schedule submitted herewith.

11. **What, if any, discovery disputes exist?**

The parties have not yet identified any discovery disputes.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties expect to submit a proposed order pursuant to Federal Rule of Evidence 502.

13. **Have the parties discussed early mediation?**

The parties have discussed early mediation and will continue to confer on this issue.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The parties expect to submit a joint request for entry of a Protective Order regarding confidentiality.

Dated: January 26, 2024

| | |
|---|---|
| **DEVLIN LAW FIRM LLC** | **O'MELVENY & MYERS LLP** |
| | |
| */s/ James M. Lennon* | */s/ John Kappos* |
| James M. Lennon | John Kappos (Tex. Bar No. 24130097) |
| jlennon@devlinlawfirm.com | jkappos@omm.com |
| Timothy Devlin | 2501 North Harwood Street, Suite 1700 |
| tdevlin@devlinlawfirm.com | Dallas, TX 75201-1663 |
| Christopher Clayton | Telephone: 972-360-1900 |
| cclayton@devlinlawfirm.com | |
| 1526 Gilpin Avenue | Brett J. Williamson (*pro hac vice*) |
| Wilmington, DE 19806 | bwilliamson@omm.com |
| Telephone: (302) 449-9010 | Cameron W. Westin (*pro hac vice*) |
| | cwestin@omm.com |
| *Attorneys for Plaintiff* | Bradley M. Berg (*pro hac vice*) |
| *Implicit, LLC* | bmberg@omm.com |
| | Thomas McClinton Harris (*pro hac vice*) |
| | clintharris@omm.com |
| | 610 Newport Center Drive, 17th Floor |
| | Newport Beach, CA 92660 |
| | Telephone: 949-823-6900 |
| | |
| | Amy K. Liang (*pro hac vice*) |
| | aliang@omm.com |
| | Two Embarcadero Center, 28th Floor |
| | San Francisco, CA 94111 |
| | Telephone: 415-984-8700 |
| | |
| | Hyun Min Han (*pro hac vice* pending) |
| | kelvinhan@omm.com |
| | 400 South Hope Street, 18th Floor |
| | Los Angeles, CA 90071 |
| | Telephone: 213-430-6000 |
| | |
| | *Attorneys for Defendant* |
| | *Hulu, LLC* |