IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| IMPLICIT, LLC, | C.A. No. 6:23-cv-513-ADA-DTG |
| --- | --- |
| *Plaintiff*, | |
| v. | JURY TRIAL DEMANDED |
| HULU, LLC, | |
| *Defendant*. | |

# SCHEDULING ORDER

On January 30, 2024, the Court conducted an Initial Pretrial Conference in the above entitled and numbered case. The CMC is deemed to occur on this date. All parties appeared through counsel. As a result of such hearing, and pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Deadline | Item |
| --- | --- |
| 8 weeks after receiving or waiving service of complaint or 3 weeks after the CMC, whichever is later.<br><br>**February 20, 2024** | Deadline to file a motion for inter-district transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |

| Deadline | Item |
| --- | --- |
| 7 days before CMC<br><br>**January 23, 2024** | Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.*, the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.<br><br>The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues. |
| 7 weeks after CMC<br><br>**March 19, 2024** | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 9 weeks after CMC<br><br>**April 2, 2024** | Parties exchange claim terms for construction. |
| 11 weeks after CMC<br><br>**April 16, 2024** | Parties exchange proposed claim constructions. |

| Deadline | Item |
|---|---|
| 12 weeks after CMC<br><br>**April 23, 2024** | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced.<br><br>Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party. |
| 13 weeks after CMC<br><br>**April 30, 2024** | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 14 weeks after CMC<br><br>**May 7, 2024** | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 17 weeks after CMC<br><br>**May 28, 2024** | Plaintiff files Responsive claim construction brief. |
| 19 weeks after CMC<br><br>**June 11, 2024** | Defendant files Reply claim construction brief. |
| 19 weeks after CMC<br><br>**June 11, 2024** | Parties to jointly email the law clerks (*see* OGP at 1) to confirm their *Markman* date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| 21 weeks after CMC<br><br>**June 25, 2024** | Plaintiff files a Sur-Reply claim construction brief. |
| 3 business days after submission of sur-reply<br><br>**June 28, 2024** | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>*See* General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| 22 weeks after CMC (but at least 10 days before *Markman* hearing)<br><br>**July 2, 2024** | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |

| Deadline | Item |
|---|---|
| 23 weeks after CMC (or as soon as practicable)<br><br>**July 9, 2024**<br><br>All deadlines hereafter follow the original *Markman* hearing date and do not change if the Court delays the *Markman* hearing. | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| 1 business day after *Markman* hearing<br><br>**July 10, 2024** | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* Hearing<br><br>**August 20, 2024** | Deadline to add parties. |
| 8 weeks after *Markman* hearing<br><br>**September 3, 2024** | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 16 weeks after *Markman* hearing<br><br>**October 29, 2024** | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after *Markman*<br><br>**January 7, 2025** | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 30 weeks after *Markman* hearing<br><br>**February 4, 2025** | Close of Fact Discovery. |

| Deadline | Item |
|---|---|
| 31 weeks after *Markman* hearing<br><br>**February 11, 2025** | Opening Expert Reports. |
| 35 weeks after *Markman* hearing<br><br>**March 11, 2025** | Rebuttal Expert Reports. |
| 38 weeks after *Markman* Hearing<br><br>**April 1, 2025** | Close of Expert Discovery. |
| 39 weeks after *Markman* Hearing<br><br>**April 8, 2025** | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after *Markman* Hearing<br><br>**April 15, 2025** | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| 42 weeks after *Markman* Hearing<br><br>**April 29, 2025** | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations). |
| 44 weeks after *Markman* Hearing<br><br>**May 13, 2025** | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after *Markman* Hearing<br><br>**May 20, 2025** | Serve objections to rebuttal disclosures; file Motions *in limine.* |
| 46 weeks after *Markman* Hearing<br><br>**May 27, 2025** | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, deposition designations); file oppositions to motions *in limine* |

| Deadline | Item |
|---|---|
| 47 weeks after *Markman* Hearing<br><br>**June 3, 2025** | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to file replies to motions *in limine*. |
| 48 weeks after *Markman* Hearing<br><br>**June 10, 2025** | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 8 weeks before trial<br><br>**June 17, 2025** | Parties to jointly email the Court's law clerk (*See* OGP at 1) to confirm their pretrial conference and trial dates. |
| 3 business days before Final Pretrial Conference.<br>**June 20, 2025** | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 49 weeks after *Markman* hearing (or as soon as practicable)<br><br>**June 17, 2025** | Final Pretrial Conference. Held in person unless otherwise requested. |
| 52 weeks after *Markman* hearing (or as soon as practicable)<br><br>**July 8, 2025** | Jury Selection/Trial.<br><br>If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date. |

SIGNED this _____ day of _____, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

AGREED:

| **DEVLIN LAW FIRM LLC** | **O'MELVENY & MYERS LLP** |
|---|---|
| */s/ James M. Lennon* | */s/ John Kappos* |
| James M. Lennon | John Kappos (Tex. Bar No. 24130097) |
| jlennon@devlinlawfirm.com | jkappos@omm.com |
| Timothy Devlin | 2501 North Harwood Street, Suite 1700 |
| tdevlin@devlinlawfirm.com | Dallas, TX 75201-1663 |
| Christopher Clayton | Telephone: 972-360-1900 |
| cclayton@devlinlawfirm.com | |
| Devlin Law Firm | Brett J. Williamson (*pro hac vice*) |
| 1526 Gilpin Avenue | bwilliamson@omm.com |
| Wilmington, DE 19806 | Cameron W. Westin (*pro hac vice*) |
| Telephone: (302) 449-9010 | cwestin@omm.com |
| | Bradley M. Berg (*pro hac vice*) |
| *Attorneys for Plaintiff* | bmberg@omm.com |
| *Implicit, LLC* | Thomas McClinton Harris (*pro hac vice*) |
| | clintharris@omm.com |
| | O'MELVENY & MYERS LLP |
| | 610 Newport Center Drive, 17th Floor |
| | Newport Beach, CA 92660 |
| | Telephone: 949-823-6900 |
| | |
| | Amy K. Liang (*pro hac vice*) |
| | aliang@omm.com |
| | O'MELVENY & MYERS LLP |
| | Two Embarcadero Center, 28th Floor |
| | San Francisco, CA 94111 |
| | Telephone: 415-984-8700 |
| | Facsimile: 415-984-8701 |
| | |
| | *Attorneys for Defendant* |
| | *Hulu, LLC* |